NITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

PAUL DAVIS, )
 )
         Petitioner, )
vs. ) No. 2:05-cv-191-RLY-WGH
 )
MARK A. BEZY, Warden, )
 )
         Respondent. )

**Entry Discussing Petition for Writ of Habeas Corpus**

A federal court may issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241(c)(3) only if it finds the applicant "is in custody in violation of the Constitution or laws or treaties of the United States." *Id.* In this case, petitioner Paul Davis has failed to make such a showing. Accordingly, his petition for a writ of habeas corpus must be **denied.** This conclusion rests on the following facts and circumstances:

     1.    Davis is confined within this District serving the executed portion of a sentence imposed by the United States District Court for Kansas following his conviction after trial by jury of drug offenses. *See United States v. James,* 257 F.3d 1173, 1176 (10th Cir. 2001). In the present action, Davis challenges the validity of his conviction.

     2.    Ordinarily, an action pursuant to 28 U.S.C. § 2255 is the exclusive means for a federal prisoner to attack his conviction. *Kramer v. Olson,* 347 F.3d 214, 217 (7th Cir. 2003); *Garza v. Lappin,* 253 F.3d 918, 921 (7th Cir. 2001). However, § 2241 may be utilized by a federal prisoner to challenge the legality of his or her conviction or sentence in those cases where § 2255 is 'inadequate or ineffective to test the legality of [the] detention.' 28 U.S.C. § 2255 ¶ 5." *Id.* This is referred to in this Entry as the "savings clause." *Kramer.*

     3.    Davis previously filed motions for relief pursuant to § 2255.

    a.    The first such motion was filed in the trial court on June 24, 2002. The motion was assigned a new civil number on the docket of that court, this being No. 5:02-cv-3174-JAR, and was denied on February 25, 2005.

    b.    The second such motion was filed in the trial court on December 14, 2004, was assigned the new docket number of No. 5:04-cv-3498-JAR, and was dismissed on March 2, 2005.

4.    Davis had also sought relief in the trial court on other occasions, but in each case was unsuccessful. The Tenth Circuit has noted Davis' multiple, unsuccessful attempts to obtain post-conviction relief, and has warned Davis that continued attempts in that vein could lead to the imposition of sanctions against him. *See Davis v. United States,* No. 03-3281 (10th Cir. October 20, 2003).

5.    It is the prisoner's burden to prove that his remedy under § 2255 is inadequate or ineffective. *Charles v. Chandler,* 180 F.3d 753, 756 (6th Cir. 1999). A remedy pursuant to § 2255 is "inadequate" when its provisions limiting multiple § 2255 motions prevent a prisoner from obtaining review of a legal theory that establishes the petitioner's actual innocence. *Taylor v. Gilkey,* 314 F.3d 832, 835 (7th Cir. 2002). This means that "the focus is on procedures rather than outcomes." *Id.* Two elements are necessary to make the required showing:

> [A petitioner] must first show that the legal theory he advances relies on a change in law that both postdates his first § 2255 motion (for failure to raise a claim the first time around does not render § 2255 "inadequate") and "eludes the permission in section 2255 for successive motions." *See In re Davenport,* 147 F.3d 605, 611 (7th Cir. 1998). Second, he must establish that his theory supports a non-frivolous claim of actual innocence. *See Taylor,* 314 F.3d at 835 ("Every court that has addressed the matter has held that § 2255 is 'inadequate or ineffective' only when a structural problem in § 2255 forecloses even one round of effective collateral review--and then only when as in *Davenport* the claim being foreclosed is one of actual innocence."); *see also Cooper v. United States,* 199 F.3d 898, 901 (7th Cir. 1999) ("A valid claim of actual innocence would be enforceable under § 2241 . . . if relief under [§ 2255] was not . . . available.").

*Kramer,* 347 F.3d at 217.

6.    Davis' custodian, the respondent here, argues that the circumstances required for invoking the savings clause have not been demonstrated. Davis responds in his filing of November 2, 2005, with the following:

> The reason for the Petitioner's § 2241 motion is that the Petitioner believes that issues raised in a previous § 2255 motion cannot be raised in a § 2241 motion. If this is so, then the respondent's . . . response . . . is ineffective.

Davis states that his two claims in this action–prosecutor misconduct and error in sentencing him for possession of crack cocaine, rather than marijuana–were never raised in any of his previous § 2255 motions. He concludes from these circumstances that this court "do[es] have jurisdiction over [his] claim for a writ of habeas corpus."

       7.      Davis' reasoning amounts to nothing more than stating that his habeas claims were not previously presented in his § 2255 actions and hence they may be raised in a habeas proceeding under § 2241(c)(3). This assertion does not begin to address the demanding criteria of the savings clause. The respondent is correct that the habeas claims could have been asserted on direct appeal or in a § 2255 motion. Despite Davis being physically present in this District, he is not entitled to proceed with his habeas claims. *See Jiminian v. Nash,* 245 F.3d 144, 147-48 (2d Cir. 2001) (§ 2241 relief not available because petitioner could have raised claim on direct appeal or in prior § 2255 attack, thus § 2255 remedy not inadequate or ineffective); *Longbehn v. United States,* 169 F.3d 1082, 1083 (7th Cir. 1999) (same).

Based on the foregoing, therefore, this action must be dismissed for lack of subject matter jurisdiction, and judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 11/18/2005

RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana